FRITZ CLAPP  (SBN 99197)
Attorney at Law
P.O. Box 2517
Beverly Hills, CA 90213
Telephone:   888-292-5784
Facsimile:   888-325-4159
E-mail:      fritz@fritzclapp.com

Attorney for Plaintiff
PUPPY IP, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PUPPY IP, LLC,<br><br>     **Plaintiff,**<br><br>v.<br><br>LAURIE ASHBOURNE and PUPPY MOVIE LLC,<br><br>     **Defendants** | Case No.  2:26-cv-1888<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, DECLARATORY RELIEF, INJUNCTIVE RELIEF, IMPOUNDMENT AND DESTRUCTION, DAMAGES AND PROFITS, ATTORNEYS' FEES AND COSTS, FALSE DESIGNATION OF ORIGIN AND AUTHORSHIP, AND INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; DEMAND FOR JURY TRIAL** |

Plaintiff, PUPPY IP, LLC, by and through its undersigned attorney, complains and alleges as follows:

## INTRODUCTION

1. This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and the Lanham Act, 15 U.S.C. § 1125(a).

2. Plaintiff PUPPY IP, LLC ("Plaintiff" or "Puppy IP") is the sole owner of the copyright and all exclusive rights in the original screenplay entitled "Puppy" (the

"Screenplay").

3. Defendant LAURIE ASHBOURNE ("Ashbourne"), without authorization, copied, edited, and recast the Screenplay and created an unauthorized derivative work.

4. Defendant Ashbourne has falsely claimed co-authorship and ownership and has threatened to exploit the Screenplay and derivative work in collaboration with Defendant PUPPY MOVIE, LLC (WV). Defendants have promoted the infringing work and fraudulently solicited investment based on their misrepresentations regarding the work.

5. The conduct of Defendants Ashbourne and PUPPY MOVIE LLC constitutes copyright infringement, false designation of authorship, and tortious interference with Plaintiff's economic relationships.

6. Plaintiff seeks declaratory, injunctive, and monetary relief.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

9. This Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(a).

11. Defendant resides in this District and has committed acts of infringement in this District.

## PARTIES

12. Plaintiff PUPPY IP, LLC is an Illinois limited liability company with its principal place of business in Illinois.

13. Puppy IP is the legal and beneficial owner of all right, title, and interest in and to the Screenplay.

14. Puppy IP acquired ownership through a written assignment executed by the

Screenplay's authors, Andre Boyd & Bobby Bozek.

15. The assignment conveyed:

    a. All copyrights;

    b. All exclusive rights under 17 U.S.C. § 106;

    c. All derivative rights;

    d. All rights to exploit the Screenplay;

    e. All accrued and existing claims for infringement.

16. The assignment complies with 17 U.S.C. § 204(a), and has been recorded with the U.S. Copyright Office.

17. Defendant LAURIE ASHBOURNE ("Ashbourne") is an individual residing in Los Angeles County, California.

18. Defendant PUPPY MOVIE LLC is a West Virginia limited liability company, managed by Defendant Ashbourne.

## FACTUAL ALLEGATIONS

### Plaintiff's Copyright Ownership

19. The Screenplay is an original work of authorship under 17 U.S.C. § 102. It is a joint work of co-authors Andre Boyd and Robert Bozek.

20. The Screenplay contains original creative expression including characters, dialogue, plot, sequence, structure, and scenes.

21. The Screenplay is registered with the United States Copyright Office, Registration Nos. PAu004103461 and PAu004290303.

22. Puppy IP is the sole owner of all exclusive rights under 17 U.S.C. § 106.

23. Puppy IP owns all accrued causes of action for infringement.

24. Puppy IP has standing under 17 U.S.C. § 501(b).

### Defendant's Unauthorized Derivative Work

24. Defendant Ashbourne had access to the Screenplay.

25. Defendant Ashbourne copied and recast portions of the Screenplay.

26. Defendant Ashbourne prepared an unauthorized derivative work.

27. Defendant Ashbourne lacked written authorization as required by 17 U.S.C. § 204(a).
28. Defendant Ashbourne infringed Plaintiff's exclusive rights, including:
    a. Reproduction (17 U.S.C. § 106(1));
    b. Preparation of derivative works (17 U.S.C. § 106(2));
    c. Distribution (17 U.S.C. § 106(3)).

### Defendant's False Claims of Authorship

29. Defendants, and each of them, caused a listing to be posted on the public website Internet Movie Database (IMdB) as shown by Exhibit A attached to this complaint and incorporated by this reference.
30. Defendant Ashbourne has falsely claimed to be co-author.
31. Defendant Ashbourne has falsely claimed ownership rights.
32. Defendants, and each of them, have threatened exploitation.

### Harm to Plaintiff

33. Defendants' conduct harms Plaintiff's exclusive rights.
34. Plaintiff has suffered damages.
35. Plaintiff faces irreparable harm absent injunctive relief.

### FIRST CLAIM FOR RELIEF
### Copyright Infringement (17 U.S.C. §§ 106, 501)

36. Plaintiff incorporates paragraphs 1–35.
37. Plaintiff owns valid copyrights.
38. Defendant Ashbourne infringed Plaintiff's exclusive rights.
39. Defendant Ashbourne's infringement was willful.
40. Plaintiff is entitled to relief under 17 U.S.C. §§ 502–505.

### SECOND CLAIM FOR RELIEF
### Declaratory Relief (28 U.S.C. §§ 2201–2202)

41. Plaintiff incorporates paragraphs 1–40.
42. An actual controversy exists.

43. Plaintiff seeks declaration that:
    a. Plaintiff is sole owner;
    b. Defendant Ashbourne is not co-author;
    c. Defendant Ashbourne has no rights.

### THIRD CLAIM FOR RELIEF
### Injunctive Relief (17 U.S.C. § 502)

44. Plaintiff incorporates paragraphs 1–43.
45. Defendants' conduct will cause irreparable harm.
46. Plaintiff is entitled to injunctive relief.

### FOURTH CLAIM FOR RELIEF
### Impoundment and Destruction (17 U.S.C. § 503)

47. Plaintiff incorporates paragraphs 1–46.
48. Plaintiff seeks impoundment and destruction.

### FIFTH CLAIM FOR RELIEF
### Damages and Profits (17 U.S.C. § 504)

49. Plaintiff incorporates paragraphs 1–48.
50. Plaintiff seeks damages and profits.

### SIXTH CLAIM FOR RELIEF
### Attorneys' Fees (17 U.S.C. § 505)

51. Plaintiff incorporates paragraphs 1–50.
52. Plaintiff seeks attorneys' fees.

### SEVENTH CLAIM FOR RELIEF
### False Designation of Origin (15 U.S.C. § 1125(a))

53. Plaintiff incorporates paragraphs 1–52.
54. Defendant Ashbourne falsely designated authorship.
55. Defendant Ashbourne's conduct is likely to cause confusion.
56. Plaintiff is entitled to relief under 15 U.S.C. § 1117.

//

# EIGHTH CLAIM FOR RELIEF

## Intentional Interference with Prospective Economic Advantage

57. Plaintiff incorporates paragraphs 1–56.

58. Plaintiff has economic relationships and interests relating to the Screenplay.

59. Defendants, and each of them, have interfered with Plaintiff's economic relationships and interests.

60. Defendants' conduct was wrongful and willful.

61. Plaintiff has suffered damages.

62. Plaintiff is entitled to compensatory and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

1. Declaration that Plaintiff is sole owner of the Screenplay;
2. Injunction prohibiting Defendants from its exploitation;
3. Impoundment and destruction;
4. Damages and profits;
5. Attorneys' fees;
6. Punitive damages;
7. Costs and interest;
8. Such other relief as appropriate.

Dated: February 21, 2026

_____
FRITZ CLAPP
Attorney for Plaintiff PUPPY IP, LLC

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues triable herein, pursuant to Fed. R. Civ. P. 38(b).

Dated: February 21, 2026

_____
FRITZ CLAPP
Attorney for Plaintiff PUPPY IP, LLC



https://pro.imdb.com/title/tt29714106

02/20/2026

# EXHIBIT A